UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
CONSTANCE BACCHUS and FEROZE : Civil Action No. 15cv6047
BACCHUS :
                        Plaintiffs, :
                                : **AMENDED NOTICE OF**
    -against- : **REMOVAL**
                                :
VNESHECONOMBANK, EVGENY Y. :
BURYAKOV, ALEXANDER SLEPNEV and :
RUSSIAN FEDERATION, :
                        Defendants. :
---------------------------------------------------------------- x

        Defendants Vnesheconombank ("VEB") and Alexander Slepnev ("Slepnev") (collectively, the "Removing Defendants") by their attorneys, Herrick, Feinstein LLP hereby file this Notice of Removal, pursuant to 28 U.S.C. § 1441(b) and (d) and 28 U.S.C. § 1446, of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York, where the action is now pending.

        1.      The above-captioned action, (Index No. 652231/2015) (the "Action") was commenced in the Supreme Court for the State of New York, County of New York and is now pending in that court.

        2.      The Action primarily is a civil landlord tenant dispute wherein the plaintiffs allege claims for breaches of a residential lease and a furniture lease agreement, fraudulent representations in connection with the agreements regarding the employment status of Buryakov, and conversion of property by Slepnev.

        3.      The Removing Defendants remove the Action to this Court on the basis of (a) diversity jurisdiction pursuant to 28 U.S.C. § 1441(b), and (b) 28 U.S.C. § 1441(d) because VEB is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603.

4.	With respect to removal of the Action to this Court pursuant to 28 U.S.C. § 1441(b), the United States District Court for the Southern District of New York has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between plaintiffs and all defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.	Upon information and belief, plaintiffs Constance and Feroze Bacchus ("Plaintiffs") now and at the time the Action was commenced are citizens of New York.

6.	Defendants Buryakov and Slepnev are citizens of the Russian Federation. VEB is a state corporation established by the Russian Federation and is 100% owned by the Russian Federation, having its principal place of business in Moscow.

7.	No change of citizenship of the parties has occurred since the commencement of the Action.  None of the defendants is a citizen of New York, the state in which the Action was brought.

8.	On or about June 23, 2015, plaintiffs filed the summons and complaint in this Action in the Supreme Court of the State of New York, County of New York.  On July 1, 2015, two copies of the summons and complaint were delivered by courier to VEB's New York representative office located at 777 Third Avenue, Suite 29B, New York, New York.  One copy of the summons and complaint was delivered by mail to VEB's New York representative office on or around July 6, 2015.  Nevertheless, Plaintiffs have failed to file proofs of service of the summons and complaint upon the Removing Defendants and therefor have failed to effect proper service upon the Removing Defendants pursuant to New York Civil Practice Law and Rules §§ 306 and 308.

9.	A defendant's time to remove is triggered by proper service of the summons and complaint, "but not by mere receipt of the complaint unattended by any formal service."  See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).  Here,

Plaintiffs have not effected proper service upon the Removing Defendants. Thus, pursuant to 28 U.S.C § 1446, this Notice of Removal is timely filed as the thirty day time period for filing a notice of removal has not yet begun to run.

10. Each of the Removing Defendants consents to removal of the Action.

11. Upon information and belief, Plaintiffs have not served defendant Evgeny Buryakov ("Buryakov") or the Russian Federation with the summons and complaint, nor have proofs of service been filed with respect to Buryakov and/or the Russian Federation. While all defendants must consent to removal, "this rule does not apply to those defendants who have not been properly served." Vargas v. Holden, No. 10 CIV. 8567 JGK, 2011 WL 446199, at *2 (S.D.N.Y. Feb. 8, 2011) (holding removal timely where fifteen days after defendants removed the case to federal court defendant Holden received a copy of the summon and complaint and subsequently joined in the request for removal twenty days after she was served.).

12. The summons and complaint constitute all of the processes, pleadings and orders in this matter thus far. Pursuant to 28 U.S.C. § 1446, the Removing Defendants attach as Exhibit A a copy of the summons and complaint in this Action.

13. The Removing Defendants will give written notice of the filing of this notice as required by 28 U.S.C § 1446(d).

14. A copy of this notice will be filed with the clerk of the Supreme Court of the State of New York, County of New York as required by 28 U.S.C § 1446(d).

**WHEREFORE**, the Removing Defendants request that this Action proceed in this Court as an action properly removed to it.

Dated:  New York, New York
        July 31, 2015

                                  HERRICK, FEINSTEIN LLP

                                  By /s/ Therese M. Doherty
                                      Therese M. Doherty
                                      LisaMarie F. Collins
                                2 Park Avenue
                                New York, New York 10016
                                212.592.1400
                                *Attorneys for Defendants Vnesheconombank, and Alexander Slepnev*