# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 06/23/2015 09:02 AM                    INDEX NO. 652231/2015
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 06/23/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
CONSTANCE BACCHUS and
FEROZE BACCHUS,

                                        Plaintiffs,

            -against-

VNESHECONOMBANK, EVGENY Y.
BURYAKOV, ALEXANDER SLEPNEV
and RUSSIAN FEDERATION,

                                        Defendants.
-------------------------------------------------------------x

Index No.              /15

Date Purchased: 06/    /15

## SUMMONS

New York County is designated
as the place of trial.  The basis of
venue is that defendant
Vnesheconombank maintains an
office in New York County
located at 777 Third Avenue,
Suite 29B, New York, New York
10017.

**TO THE ABOVE-NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer on Plaintiffs' attorneys within *twenty (20) days* after the service of this

summons, exclusive of the day of service, where service is made by delivery upon you personally

within the State of New York, or within *thirty (30) days* after completion of service where service

is made in any other manner.  In case of your failure to appear or answer, judgment will be taken

against you by default for the relief demanded in the annexed complaint.

          **NATURE OF ACTION: BREACH OF CONTRACT,
          FRAUD, LARCENY AND CRIMINAL MISCHIEF**

Dated: New York, New York
          June 23 , 2015

                              John J. Rieck, Jr., Esq.
                              Doar Rieck Kaley & Mack
                              *Attorneys for Plaintiffs*
                              217 Broadway, 7th Floor
                              New York, New York 10007
                              (212) 619-3730

-1-

To:   Vnesheconombank
      Suite 29B
      777 Third Avenue
      New York, New York 10017

      Evgeny Y. Buryakov
      Inmate No. 71923-054
      Metropolitan Correction Center
      Pearl Street
      New York, New York 10013

      Alexander Slepnev
      c/o Suite 29B
      777 Third Avenue
      New York, New York 10017

      Russian Federation
      Russian Mission
      355 West 255th Street
      Riverdale, The Bronx, New York 10471

SUPREME COURT OF THE STATE OF NEW YORK      Index No.
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

CONSTANCE BACCHUS AND FEROZE BACCHUS,   :

               Plaintiffs,            :

      -against-                   :      **COMPLAINT**

VNESHECONOMBANK, EVGENY Y. BURYAKOV,     :
ALEXANDER SLEPNEV, AND RUSSIAN
FEDERATION,                              :

             Defendants.           :

- - - - - - - - - - - - - - - - - - -x

      Plaintiffs, by their attorneys Doar Rieck Kaley & Mack,
for their complaint herein state as follows:

### SUMMARY OF THE ACTION

      Evgeny Y. Buryakov betrayed the United States of
America as a spy.  At the same time, but in a different but no
less pernicious manner, he betrayed the plaintiffs.  Buryakov did
so by fraudulently representing himself to be someone he was not,
failing to honor a contractual agreement, damaging property
belonging to the plaintiffs, and arranging through the help of
others to steal property from the plaintiffs.  Buryakov was able
to accomplish his misdeeds with the active assistance of (1) his
purported employer Vnesheconombank, (2) Alexander Slepnev, a high
level co-employee at Vnesheconombank, and (3) the Russian
Federation, the entity to which everyone reported.

## THE PARTIES

1.  At all times relevant herein, Constance and Feroze Bacchus were fee owners of real property and personal property located at 5833 Liebig Avenue, Riverdale, The Bronx, New York 10471.

2.  Evgeny Y. Buryakov is a Russian spy who falsely claimed to be in the exclusive employ of Vnesheconombank.

3.  Alexander Slepnev is an employee and agent of Vnesheconombank.

4.  Vnesheconombank is a development bank utilized by the Russian Federation to implement economic policy and has its principal place of business at 773 Third Avenue, New York, New York 10017.  Vnesheconombank transacts business within the State of New York within the meaning of CPLR § 302 (a)(1) and thus is subject to the jurisdiction of the courts of the State of New York.

5.  Upon information and belief, the Russian Federation controls and directs the operation of Vnesheconombank and its employees and agents.

## VENUE

6.  Pursuant to CPLR § 503(c), venue of this action is properly places in New York County in that it is the principal place of business of Vnesheconombank.

-2-

### STATEMENT OF THE CASE

7.   On or about October 17, 2014 the defendant
Vnesheconombank entered a furniture lease agreement with
plaintiffs for living room, dining room, bedroom and other
furnishings.   The written agreement was signed by defendant
Buryakov on behalf of Vnesheconombank.

8.   On or about October 17, 2014 the defendant Buryakov
entered a lease agreement with plaintiffs for a house located at
5833 Liebig Avenue, Riverdale, New York 10471.   In the years
prior to entering the 2014 lease agreement, the defendant
Buryakov falsely represented to the plaintiffs on numerous
occasions he was a businessman employed by Vnesheconombank when
in fact he was a Russian spy.   The plaintiffs relied on the
defendant Buryakov's false representation when agreeing to permit
him to lease the Liebig Avenue residence.

9.   During the period before 2014 and 2015, the
defendant Buryakov was a Russian spy who worked on behalf of the
Russian Federation.   As part of his cover, among other things,
the defendant erroneously purported to be in the employ of
Vnesheconombank.

10.   During the period before 2014 and 2015, the
defendant Buryakov fraudulently and falsely represented to the
plaintiffs he was simply a banker who would reside with his wife
and two children in the house located at 5833 Liebig Avenue,

-3-

Riverdale, New York.  The house was a short distance from the official mission of the Russian Federation located in a 22 story building at 355 West 255th Street, Bronx, New York.

11.  On January 26, 2015, the defendant Buryakov was arrested by the F.B.I.

12.  After the arrest of defendant Buryakov, his family abandoned the house at 5833 Liebig Avenue.  The family's two automobiles remained parked outside the Russian mission on Mosholu Avenue.  The family remained in the mission then fled to another safe-house.  Thereafter the family fled to Russia.

13.  After the Buryakov family abandoned the house, Alexander Slepnev and his associates entered the house and aided the defendant Buryakov and his wife in removing property not belonging to them, caused damage to the house, and stole property belonging to the plaintiffs and failed to return property which had been illegally appropriated.  That property included wooden toys belonging to the plaintiffs' 11 year old son.

14.  The property which was stolen in January, 2015 has not been returned, nor has the exterior damage to the house been paid for, notwithstanding demand has been made.  The damage to the house and its contents involved broken furniture, structural damage, and extraordinary filth.

15.  After the January, 2015 arrest of Buryakov, the defendant Buryakov stopped making payments under the lease

-4-

agreement and the defendant Vnesheconombank stopped making payments under the furniture lease.

### As and For a First Cause of Action

16. The plaintiffs repeat and reallege paragraphs "1" through "15" above as though fully stated herein.

17. The defendants Buryakov and Vnesheconombank breached and failed to comply with the terms of the home lease and furniture lease causing economic loss to the plaintiffs. The breach of the house lease involved a failure to pay the monthly rent as well as causing serious and permanent damage to the house which was far in excess of normal wear and tear.

18. The defendant Buryakov was at all times the alter ego, agent in fact, and acting on behalf of and with the knowledge of the defendant Vnesheconombank when entering the house lease and furniture lease.

19. The defendants Buryakov's and Vnesheconombank's actions were engaged in bad faith and in breach of the implied covenant of fair dealing in contractual relations.

### As and For a Second Cause of Action

20. The plaintiffs repeat and reallege paragraphs "1" through "15" above as though fully stated herein.

21. The defendant Buryakov, aided by and in concert with, the defendant Vnesheconombank intentionally made false and fraudulent representations regarding the employment status of the

-5-

defendant Buryakov which was intended to induce the plaintiffs to enter the house lease and which were relied upon by the plaintiffs as intended by the defendants Buryakov and Vnesheconombank to the economic detriment of the plaintiffs.

### As and For a Third Cause of Action

22. The plaintiffs repeat and reallege paragraphs "1" through "15" above as though fully stated herein.

23. The defendant Slepnev, acting with and through other individuals intentionally stole and converted property, and damaged and blemished property, belonging to the plaintiffs without permission or authority to do so.

**WHEREFORE**, plaintiffs demand judgment against the defendants as follows:

a. In respect of the First Cause of Action, the sum of not less than $75,000 against defendants Buryakov and Vnesheconombank jointly and severally, together with interest thereon as provided by law;

b. In respect of the Second Cause of Action, the sum of not less than $50,000 against defendants Buryakov and Vnesheconombank jointly and severally, together with interest thereon as provided by law, and an award of punitive damages in the sum of not less than $500,000;

-6-

      c.  In respect of the Third Cause of Action, the sum of not less than $40,000 against the defendant Slepnev together with interest thereon as provided by law;

      d.  An award of plaintiffs' attorneys fees and expenses incurred in the instant action;

      e.  The costs and disbursements of this action; and

      f.  Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        June 23, 2015


John Jacob Rieck, Jr.
Doar Rieck Kaley & Mack
7th Floor
217 Broadway
New York, New York 10007
(212) 619-3730
Attorneys for Plaintiffs