# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated:** January 27, 2016                              **Total Number of Pages:**


**MEMO ENDORSED:**

On receipt of an affidavit from Mrs Buryakov the Court will consider the issue again. But the Court notes that if the decision to forgo depositions was based on the theory that she could testify by video from Russia, that was <u>never</u> expressed to the Court.


Copies <u>by ECF</u> to: All Counsel

# HERRICK

NEW YORK
NEWARK
PRINCETON
WASHINGTON, D.C.
ISTANBUL

THERESE M. DOHERTY
PARTNER
Direct Tel:  212.592.1516
Direct Fax: 212.545.3320
Email:  tdoherty@herrick.com

1/27/16

MEMO ENDORSED  p 4

VIA ECF

The Honorable Andrew J. Peck
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    Bacchus v. Vnesheconombank et al., 15 Civ. 6047 (AJP)

Dear Magistrate Judge Peck:

      On behalf of defendants Vnesheconombank ("VEB"), Evgeny Buryakov, and Alexander Slepnev (collectively, "Defendants"), we respectfully submit this letter-motion pursuant to Local Civil Rule 6.3 for reconsideration of the Court's Order denying Defendants' Motion for Leave to Present Live Trial Testimony by Contemporaneous Transmission. Dkt. No. 38. The grounds for this request are that the Court has overlooked (i) controlling decisions in this Circuit that compel the Court to accept the Declaration of Therese M. Doherty, Esq. in support of Defendants' Motion (the "Doherty Declaration") as part of the evidentiary record; (ii) facts set forth in the Doherty Declaration establishing good cause and compelling circumstances for permitting the trial testimony sought by video conference; and (iii) the substantial prejudice that Defendants will suffer if Marina Buryakova ("Mrs. Buryakova") is not permitted to testify at trial by videoconference.

      First, the Court denied Defendants' motion on the grounds that "There is no affidavit from Marina Buryakov, no evidence re her visa situation, etc." Dkt. No. 38. This holding overlooks controlling decisions that require the Court to consider the Doherty Declaration as part of the evidentiary record. *Kulhawik v. Holder*, 571 F.3d 296 (2d Cir. 2009) is directly on point. In *Kulhawik*, the petitioner, a Polish citizen, failed to appear for a noticed hearing before an Immigration Judge in removal proceedings initiated by the government, resulting in the entry of a removal order in absentia. *Id.* at 297-98. The petitioner moved to reopen the proceedings claiming that "exceptional circumstances" excused his failure to appear. *Id.* In support, petitioner's attorney submitted a sworn affirmation setting forth the "exceptional circumstances." *Id.* The Immigration Judge denied the motion and the Board of Immigration Appeals ("BIA") affirmed, holding in part that petitioner had not provided an affidavit or declaration to show that exceptional circumstances existed. *Id.* On appeal, the Second Circuit rejected BIA's ruling and made clear that the attorney's affirmation was sufficient:

HERRICK, FEINSTEIN LLP • 2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500
A New York limited liability partnership including New York professional corporations

HF 10576353v.1

**HERRICK**

The Honorable Andrew J. Peck
January 27, 2016
Page 2

> We cannot, however, agree with the BIA's conclusion that petitioner submitted no evidence in support of his claim that 'exceptional circumstances' prevented his appearance at the...hearing. To the contrary, petitioner's attorney submitted a sworn affirmation setting forth petitioner's reasons for failing to appear.... [W]hen an attorney makes statements under penalty of perjury in an affidavit or an affirmation, the statements do constitute part of the evidentiary record and must be considered....the BIA may not merely dismiss it as constituting no evidence at all. Here, therefore, the BIA erred by failing to consider the affirmation submitted by petitioner's attorney.

*Id.* at 298-99 (internal citations omitted). *See also Sitt v. U.S.*, 811 F.2d 736, 742 (2d Cir. 1987) (holding trial court properly granted defendant's motion for summary judgment supported by an attorney affirmation stating a material procedural fact within the personal knowledge of the attorney); *cf. Capalbo v. U.S.*, 2012 WL 611539, at *4 n.9 (S.D.N.Y. Feb. 24, 2012) (directing Government attorneys to make factual assertions to the court in a sworn affidavit, declaration or affirmation) (citing *Kulhawik, supra.*).

The Doherty Declaration (Dkt. No. 33) is identical to the attorney affirmation in *Kulhawik*. As required by Local Civil Rule 1.9, it is "a statement subscribed under penalty of perjury as prescribed in 28 U.S.C. § 1746." It also states that it is based upon "my personal knowledge of the matters described herein and/or a review of documents." Doherty Declaration, ¶ 2. Accordingly, the Doherty Declaration does serve as evidence to support the motion regarding the testimony of Mrs. Buryakova.[1]

As already reported to the Court by Plaintiff (January 19, 2016 letter, Dkt. No. 36), defendant Buryakov recently obtained permission from Judge Berman in the pending criminal proceeding to take the pretrial deposition testimony of Mrs. Buryakova under Federal Rule of Criminal Procedure 15(a) because Mrs. Buryakova is "unavailable" for trial in that action. *See* Order dated January 15, 2016, Dkt. No. 101, *U.S.A. v. Buryakov*, No. 15-cr-00073 (RMB). Mrs. Buryakova's "unavailability" to testify in the criminal proceeding is due to the same factual circumstances set forth in the Doherty Declaration, namely, Mrs. Buryakova's unwillingness to travel to the United States. *See* Letter Motion dated October 26, 2015, Dkt. No. 66; Reply Letter Motion dated November 9, 2015, *Buryakov* Dkt. No. 73. The Government opposed the Rule 15(a) motion, in part, because Mrs. Buryakova did not provide an affidavit swearing to her unavailability. *See* Letter Motion dated November 4, 2015, *Buryakov* Dkt. No.

---

[1] As an alternative, Defendants seek leave to submit an affirmation from Mrs. Buryakova confirming the truth and accuracy of the statements in the Doherty Declaration. *See Rengifo v. U.S.*, 2015 WL 5711137, at *9 n. 3 (S.D.N.Y. Sept. 28, 2015) (accepting, for purposes of the subject motion, an attorney's affirmation recounting conversations with plaintiff, his client, where plaintiff subsequently submitted an affidavit certifying that all statements made by his attorney in his affirmation were accurate).

H E R R I C K

The Honorable Andrew J. Peck
January 27, 2016
Page 3

68. Yet, the Rule 15(a) case law is clear that "the overwhelming majority of courts in this Circuit -- and in other circuits -- have rejected arguments that the movant must produce an affidavit from the proposed deponent in order to establish his or her unavailability." *U.S. v. Vilar*, 568 F. Supp. 2d 429, 438 (S.D.N.Y. 2008) (collecting cases). To the contrary, the Second Circuit has held that courts may accept representations of counsel with respect to the unavailability of the witness. *U.S. v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980). Given that criminal proceedings are more restrictive than civil proceedings, we respectfully submit that the Court's Order is contrary to controlling law to the extent that the Court failed to consider the Doherty Declaration.

Second, Defendants' motion set forth grounds, other than Mrs. Buryakova's visa status, that constitute good cause and compelling circumstances. In particular, that (1) Mrs. Buryakova was traumatized by her husband's unexpected arrest and incarceration; (2) has returned to Russia out of fear for herself and her children; and (3) is not willing to travel to the United States to testify at trial, both out of a fear of being detained in the U.S. and separated from her children in Russia for an extended period of time. Doherty Declaration ¶¶ 8-9, 11. By focusing on Mrs. Buryakova's visa status, the Court has overlooked other cases cited by Defendants that do not turn on visa status. For example, in *Dagen v. CFC Grp. Holdings Ltd.*, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003), the Court held that good cause and compelling circumstances existed where defendants raised "international travel considerations, legitimate business concerns and cost" as rationales necessitating that defendant's witnesses appear by telephone from Hong Kong. Likewise in *In re Rand Int'l Leisure Prods.*, LLC, 2010 WL 2507634, at *4 (Bankr. E.D.N.Y. June 16, 2010), the mere fact that witnesses would be required to travel to New York was sufficient.

Finally, the Court has overlooked that Defendants will suffer substantial prejudice if Mrs. Buryakova is not permitted to testify. Mrs. Buryakova, who lived in the Leased Premises, knows the condition of the Leased Premises and the leased furniture, as well as the personal property belonging to the Buryakovs and the third-party vendor which are the subject of the counterclaims. Thus, Mrs. Buryakova has first-hand knowledge relating to the claims and defenses asserted in this matter and is an essential witness to authenticate evidence to be offered at trial.

Though Defendants agreed to forego depositions here, Defendants did so on the basis that Rule 43(a) afforded them a means to present Mrs. Buryakova's live testimony at trial. Had they anticipated otherwise, Defendants would have insisted on taking Mrs. Buryakova's pre-trial deposition, which could have accomplished abroad under the Federal Rules. The Court's ruling handcuffs Defendants and leaves them without a meaningful ability to put on their case. This not only is prejudice, but is the type of prejudice that warrants allowing testimony by contemporaneous transmission. *See Dagen*, 2003 WL 22533425 at *2 ("The court is equally impressed by the fact that defendants will suffer potentially incurable prejudice if the court excludes the testimony of the witnesses in question.") In contrast, Plaintiffs have not even

HF 10576353v.1

HERRICK

The Honorable Andrew J. Peck
January 27, 2016
Page 4

attempted to argue that they would suffer any prejudice if the Court grants Defendants' motion — because there is none.

For the foregoing reasons, the Defendants respectfully request that the Court reconsider its Order denying Defendants' motion pursuant to Rule 43(a). Thank you for your consideration.

Respectfully,

/s/ Therese M. Doherty

Therese M. Doherty

cc: John J. Rieck Jr., Esq. (by ECF)
Christopher E. Chang, Esq. (by ECF)

**MEMO ENDORSED** 1/27/16

On [reapplication?] on apparent for M[r]s [Buryakova?] the court will [consider?] it [anew?] again. But the [court?] is [part?] of the [theory?] to [forgo?] deposition was [based?] on the theory that she would testify by video from Russia, that was never [responded?] to the Court.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

HF 10576353v.1